IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-02764-CMA-MLC

ROBERT TRUBY,

    Plaintiff,

v.

DEBORAH DENHAM, Warden, F.C.I.,
MR. MOTCHAN, Health and Safety Manager, F.C.I.,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE CRAIG B. SHAFFER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Craig B. Shaffer (Doc. # 64), wherein he recommends that this Court grant Defendants Denham's and Mr. Motchan's Partial Motion for Summary Judgment (Doc. # 47) and Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 48). For the following reasons, the Court affirms and adopts the Recommendation, which is incorporated herein by reference, and dismisses this case. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.    STANDARD OF REVIEW

Robert J. Truby, a pro se Plaintiff, has filed an Objection to the Recommendation, essentially challenging the Recommendation in its entirety. (Doc. # 68.) Federal Rule of Civil Procedure 72(b)(3) thus requires this Court to conduct a de novo review of the

issues. In so doing, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Any arguments raised for the first time in objections are deemed waivable and need not be considered. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## II. BACKGROUND

Plaintiff, who was formerly in the custody of the BOP at the Federal Correctional Institution, Englewood ("FCI Englewood"), initiated this this lawsuit on November 10, 2016, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403, U.S. 388 (1971). Plaintiff contends that the individual Defendants have violated his Eighth Amendment rights by failing to (1) provide him with appropriate medical care (Claim One); (2) provide him with humane conditions of confinement (Claim Two); and (3) supervise other employees under their jurisdiction (Claim Three). (Doc. # 15.) He seeks compensatory and punitive damages in the amount of 3.4 million dollars and requests that FCI Englewood be closed indefinitely. *Id.* at 19.

## III. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants contend that Plaintiff failed to properly exhaust his administrative remedies with respect to Claims One and Three. Magistrate Judge Shaffer agreed, recommending dismissal of those claims on that basis. Plaintiff objects to that recommendation, contending that "he tried his best at the time to comply with the proper procedures to exhaust all administrative remedies to which he received no results or responses to his complaints" and that exhaustion is futile. (Doc. # 68 at 6–8.) Having

2

reviewed the issue de novo, the Court agrees with Magistrate Judge Shaffer that Plaintiff's Claims One and Three should be dismissed based on his failure to properly exhaust administrative remedies.

**A.    LAW**

    1.  Summary Judgment Standard

Summary judgment is warranted when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9, 2017).  A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law.  *Id.*  A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Id.*  When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*  However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence.  *Id.*

    2.  Administrative Exhaustion

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies before filing a civil rights action.  The statute provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes. *Id.* at 85; *Booth v. Churner*, 532 U.S. 731, 741 (2001). Exhaustion of administrative remedies is mandatory and is intended to give corrections officials an opportunity to address complaints internally before initiation of a federal lawsuit. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The PLRA requires only that prisoners exhaust available remedies. 42 U.S.C. § 1997e(a). Thus, if an administrative remedy is not available, an inmate cannot be required to exhaust it. *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011). A remedy is "available" under the PLRA if it affords "the possibility of some relief for the action complained of." *Booth*, 532 U.S. at 738. An administrative remedy is not "available" under the PLRA if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

**B.    ANALYSIS**

The BOP provides a four-tiered Administrative Remedy Program for inmate grievances. 28 C.F.R. § 542.10, et seq. The first tier requires informal resolution with prison staff, which the prisoner initiates with a form commonly known as a BP-8. See 28 C.F.R. § 542.13(a). The second tier allows the prisoner to file a formal Request for Administrative Remedy, known as a BP-9 request. See 28 C.F.R. § 542.14. If dissatisfied at that stage, the prisoner may appeal to the Regional Director by filing a Regional Office Administrative Remedy Appeal, also known as a BP-10 request. See

4

28 C.F.R. § 542.15(a). Finally, following a Regional Office denial, the prisoner may file a Central Office Administrative Remedy Appeal, known as a BP-11 request. *Id.*

The BOP regularly maintains records of administrative complaints filed by inmates in a database known as SENTRY. (Doc. 47-1 at ¶¶ 6, 7.) The record reflects that during Plaintiff's time in custody, he has filed twelve formal administrative remedies (BP-9) or appeals thereof (BP-10 or BP-11). *Id.* Of those twelve grievances, five relate to his claim regarding the adequacy of the prison's ventilation system (Claim Two). (*Id.* at ¶ 12; *see also* Doc. #47-3.) The remaining seven administrative grievances include a request for medical care for back pain (Doc. # 47-2 at 2: No. 792274-F1); requests for a management variable to be removed so that Plaintiff could be transferred (Doc. # 47-2 at 2-3, 5: Nos. 830832- F1, 830832-R1, 830832-A1, 830), and requests for a balanced diet (Doc. # 47-2 at 4, 6: Nos. 840549-F1, 840549-R1). None of Plaintiff's grievances relate to his claims that his chronic illnesses were mismanaged (Claim One) or that Defendants Denham and Motchan failed to supervise other federal employees (Claim Three). (Doc. # 47-1 at ¶ 11.)

As the Court understands Plaintiff's argument, he appears to concede that he did not exhaust Claims One and Three but asks the Court to let his case proceed nonetheless, arguing that exhaustion under these circumstances is futile. The Court rejects that argument because futility is not a recognized exception to the PLRA's exhaustion requirement. *E.g.*, *Booth*, 532 U.S. at 741 n. 6. (declining to "read futility or other exceptions into" the PLRA's exhaustion requirement); *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) (holding that an inmate's belief that exhaustion

5

would be futile does not create an exception to the duty to exhaust). To the extent Plaintiff is arguing that exhaustion was "unavailable" to him, he has presented no evidence or specific examples to support that his efforts were thwarted or frustrated by BOP employees.

Accordingly, the Court finds that (1) Defendants have sufficiently demonstrated that no disputed material fact exists with respect to Plaintiff's failure to exhaust his administrative remedies on Claims One and Three, and (2) Plaintiff has not presented any evidence to suggest otherwise. Because exhaustion is a mandatory precondition to filing a suit, Plaintiff's Claims One and Three must be dismissed.

## IV.     **DEFENDANTS' MOTION TO DISMISS**

Defendants next contend that Plaintiff's Complaint failed to properly state a claim for relief against them and should therefore be dismissed under Rule 12(b)(6). They also assert the defense of entitled qualified immunity. With respect to Claim Two[1], Magistrate Judge Shaffer agreed with Defendants and recommended dismissal on those grounds. In his objection, Plaintiff essentially argues that the allegations in his Complaint are indeed sufficient to overcome dismissal. He also contends that Defendants knew they were violating Plaintiff's constitutional rights, and therefore, they should not be immune from suit. Having thoroughly reviewed the pleadings and the applicable legal standards, the Court concludes that dismissal of Plaintiff's Claim Two is appropriate under Rule 12(b)(6).

---

[1] Because the Court has already determined that Plaintiff's Claims One and Three should be dismissed for failure to properly exhaust administrative remedies, the Court need not address Defendants' Rule 12(b)(6) arguments with respect to those Claims.

6

**A. LAW**

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must contain sufficient factual matter, taken as true and viewed in the light most favorable to the plaintiff, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility means that the plaintiff pled sufficient facts to elevate the claims above the level of mere speculation and allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Moreover, to overcome the defense of qualified immunity in a Rule 12(b)(6) Motion, a plaintiff must allege enough facts, taken as true, to establish a violation of a constitutional right that was clearly established when the alleged violation occurred. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002). In other words, government officials are not subject to liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993).

Freedom from cruel and unusual punishment is a clearly-established constitutional right pursuant to the Eighth Amendment. More specifically, the Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing,

7

shelter, sanitation, medical care, and reasonable safety from serious bodily harm. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Ramos v. Lamm,* 639 F.2d 559, 566 (10th Cir.1980). However, this minimum standard does not impose constitutional liability on prison officials for every injury suffered by an inmate.

"The test for [Eighth Amendment] liability of prison officials involves both an objective and a subjective component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotations and citation omitted). The objective component asks whether "the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). To make out a conditions-of-confinement claim, the deprivation must be extreme. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The subjective component asks whether the prison official acted with a sufficiently culpable state of mind. *Id*. In making this determination, the Court assesses whether the officials involved acted with "deliberate indifference" to the inmates' health or safety. *Hope v. Pelzer*, 536 U.S. 730, 737–38 (2002); *Hudson*, 503 U.S. at 8. A finding of deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

**B.  ANALYSIS**

In Claim Two, Plaintiff makes the following general allegations:

- There is "inadequate ventilation" at FCI Englewood. Specifically, there is 'no ventilation' in the inmates [sic] sleeping and living area's [sic]."

- The lack of ventilation creates "a great risk" to Plaintiff because of his "chronic asthma and C.O.P.D." and "because of exposure to molds, mildews, lint, and

- high levels of poisonous gasses; CO2; NO2, CH4," which, combined with "low-levels of oxygen," puts the Plaintiff "at great risk of harm, even death."
- FCI Englewood was "constructed in (1938) and cannot meet todays [sic] standards, (laws, rules, regulations, etc.) in the 21st century. An 88 year old building its self [sic] is in violation of the 8th Amendment."
- The conditions at FCI Englewood "are an ongoing event with (the Plaintiff's) health and his very life is at risk everyday [sic] and night."

(Doc. # 15 at 10–11.)

Even assuming that these facts are sufficient to objectively support a constitutional violation, Plaintiff cannot satisfy the subjective component for an Eighth Amendment violation with respect to either Defendant.

First, Plaintiff makes no specific factual allegations concerning Defendant Motchan. He makes no allegation that Defendant Motchan contributed to any alleged ventilation issue, much less that he had a culpable state of mind. Plaintiff has not, therefore, adequately alleged that Defendant Motchan's actions (or inaction) violated Plaintiff's constitutional rights or that he was deliberately indifferent to Plaintiff's health or safety.

Second, with respect to Defendant Denham, Plaintiff's only allegation with respect to Claim Two is that Defendant Denham made "false statements to . . . [a] United States Senator . . . in an attempt to conceal the truth about 'circulation fans' installed for the inmates [sic] comfort." (Doc. # 15 at 11.) In his objection to Magistrate Judge Shaffer's recommendation, Plaintiff argues that these "false statements"

9

demonstrate that Defendant Denham knew that there was no ventilation system in the inmates' living and sleeping areas and that Defendant Denham has been purposefully hiding that fact. (Doc. # 68 at 10.)

Even if the Court accepts this as true and assumes that Defendant Denham made false assertions about the installment of circulation fans, these minimal allegations are insufficient to establish the subjective component required to adequately plead an Eighth Amendment violation. Instead, Plaintiff must establish that Defendant Denham was aware of an excessive risk to Plaintiff's health and deliberately disregarded that risk. However, he presents no allegations to support that Defendant Denham was aware that inadequate ventilation, as alleged, would expose Plaintiff to "molds, mildews, lint, and high levels of poisonous gasses" which could, as Plaintiff contends, cause chronic health issues or "even death." (Doc. # 15 at 10.)

Accordingly, the Court finds that Plaintiff has failed to adequately plead Claim Two and it must therefore be dismissed under Rule 12(b)(6).

## V.     PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed a one-page Motion for Summary Judgment. (Doc. # 32.) Plaintiff's only basis for summary judgment in his favor is that the facts in his Complaint "speak for themselves." (*Id.*) In light of the Court's conclusions with respect to Defendant's dispositive motions and Plaintiff's arguments in opposition, the Court disagrees that Plaintiff's allegations are sufficient to support summary judgment in his favor and therefore denies Plaintiffs motion.

## VI. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Magistrate Judge Shaffer's Report and Recommendation is AFFIRMED and ADOPTED as an Order of this Court (Doc. # 64);

2. Defendant's Motion for Partial Summary Judgment (Doc. # 47) is GRANTED;

3. Defendants' Motion to Dismiss (Doc. # 48) is GRANTED;

4. Plaintiff's Claims One and Three are DISMISSED WITHOUT PREJUDICE;

5. Plaintiff's Claim Two is DISMISSED WITH PREJUDICE[2]; AND

6. Plaintiff's Motion for Summary Judgment (Doc. # 32) is DENIED.

DATED: November 30, 2017

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge

---

[2] The Court finds, considering the totality of circumstances in this case and the number of opportunities Plaintiff has had to amend his Complaint, affording the Plaintiff yet another opportunity to do so in an attempt to assert a plausible cause of action would be futile. *See Grossman v. Novell, Inc.,* 120 F.3d 1112, 1126 (10th Cir. 1997).